United States District Court
Southern District of Texas
**ENTERED**
September 22, 2026
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| STIVEN DAVID LEON-FERNANDEZ, | § | CIVIL ACTION NUMBER |
| Petitioner, | § | 4:26-cv-07451 |
| | § | |
| | § | |
| | § | |
| versus | § | JUDGE CHARLES ESKRIDGE |
| | § | |
| | § | |
| MARTIN FRINK, *et al*, | § | |
| Respondents. | § | |

## ORDER ON DISMISSAL

Petitioner Stiven David Leon-Fernandez filed a petition for writ of *habeas corpus* under 28 USC §2241 on September 4, 2026. Dkt 1. He acknowledges illegal entry into the United States at a prior date and that he was ordered removed on May 28, 2026. Id at ¶¶1, 23. He asserts that his present detention violates (i) the Due Process Clause of the Fifth Amendment, and (ii) the Suspension Clause. Id at ¶¶31–45.

The Fifth Circuit states that a §2241 petition should be dismissed as an abuse of the writ when a petitioner either (i) raises a claim in a subsequent petition that could have been raised in a prior petition, or (ii) raises the same claim a second time. *Beras v Johnson*, 978 F3d 246, 252 (5th Cir 2020). A petition bringing claims that could have been brought previously "must be dismissed as an abuse of the writ unless the petitioner has demonstrated 'cause' for not raising the point in a prior federal *habeas* petition and 'prejudice' if the court fails to consider the new point." *Saahir v Collins*, 956 F2d 115, 118 (5th Cir 1992).

Showing *cause* requires a petitioner to demonstrate that "some objective factor external to the defense prevented him from raising the new claims in the previous

petition." Ibid, citing *McClesky v Zant*, 499 US 467, 493 (1991). Examples of external factors include interference by governmental officials or reasonable unavailability of the factual or legal basis for the claim. *McClesky*, 499 US at 493–94 (citations omitted). But attorney error short of ineffective assistance of counsel will not suffice. Id at 494. Neither will legal theories about which the petitioner "should have known" when the first petition was filed. *Saahir*, 956 F2d at 119. And a court need not consider prejudice when a petitioner fails to show cause. Id at 118.

Petitioner previously filed a prior petition alleging that he is a member of the class certified by the Central District of California in *Bautista v Santacruz* and is entitled to an individualized bond hearing. See 4:26-cv-02130, Dkt 1 at ¶1 (SD Tex, Mar 16, 2026), citing *Bautista v Santacruz,* 813 F Supp 3d 1084 (CD Cal, Dec 18, 2025). That petition was dismissed on the merits as foreclosed by the Fifth Circuit's decision in *Buenrostro-Mendez v Bondi*, 166 F4th 494 (5th Cir 2026). See 4:26-cv-02130, Dkt 11 (SD Tex, July 15, 2026).

Petitioner asserts in his new petition that he didn't previously raise claims related to due process, and that he seeks to raise such claims now. Dkt 1 at 1. But such claims plainly could have been raised in the prior petition. Petitioner alleges no changed circumstances that would warrant reconsideration of his previously denied petition. Nor does he allege any facts demonstrating *cause* for not raising any potential new claim in his prior petition. And failure to show cause dispenses with the need to consider *prejudice*.

The failure to show cause requires dismissal of the current petition for abuse of the writ.

For the avoidance of doubt, even if properly raised, the petition would be denied on the merits. The undersigned has now ruled on over three hundred petitions for writ of *habeas corpus* since challenges in this context began in earnest in September 2025. This includes decisions on the following issues pertinent to the subject petition:

- *Montoya Cabanas v Bondi*, 2025 WL 3171331 (SD Tex): Resolving statutory question under §1225(b)(2)(A) consistent with interpretation later adopted in *Buenrostro-Mendez v Bondi* and cited there with approval. See 166 F4th 494, 500 n 4 (5th Cir 2026).
- *Penafiel Clavijo v Thompson*, 2026 WL 923310 (SD Tex): Holding that procedural due process doesn't require an individualized custody determination beyond the mandate of §1225(b)(2)(A).
- *Herrera Estrada v Thompson,* 2026 WL 2000097 (SD Tex): Holding that pre-removal-order detention authorized by §1225(b)(2)(A) doesn't violate substantive due process while deportation proceedings are pending even if it exceeds the six-month period as articulated with respect to post-removal-order detention in *Zadvydas v Davis*, 533 US 678 (2001); see also *Ramirez Castellano v Strong*, 2026 WL 2225137 (ND Tex, Hendrix, J) (holding that Due Process Clause doesn't entitle aliens in ongoing removal proceedings to release into United States after detention has exceeded any particular period of time).
- *Llanes Carnesolta v Tate*, 2026 WL 948727 (SD Tex): Holding that (i) disparate treatment between those detained under §1225(b)(2)(A) and §1226(a) doesn't violate equal protection, (ii) claims as to lawfulness of arrest, including those under the *Accardi* doctrine, fail because an illegal arrest has no bearing on the legality of detention following arrest, and (iii) claims under the Suspension Clause necessarily fail to the extent that petitions are addressed on the merits.

To the extent that Petitioner suggests that his detention might proceed under 8 USC §1231, he refers only to a removal order dated May 28, 2026. Dkt 1 at ¶¶46–48.

As such, his detention at present remains within the presumptively reasonable timeframe set out in *Zadvydas v Davis*, 533 US 678 (2001).

* * *

The petition for writ of *habeas corpus* by Petitioner Stiven David Leon-Fernandez is DENIED. Dkt 1.

This action is DISMISSED WITH PREJUDICE.

It is ORDERED that the Clerk will email this Order to USATXS.CivilNotice@usdoj.gov to provide notice of this action to Respondents.

This is a FINAL JUDGMENT.

SO ORDERED.

Signed on September 22, 2026, at Houston, Texas.

Honorable Charles Eskridge
United States District Judge